UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TERESA BROWN, | : | Case No. 1:19-cv-247 |
| | : | |
| Plaintiff, | : | Judge _____ |
| | : | |
| v. | : | |
| | : | **NOTICE OF REMOVAL OF CIVIL** |
| WALMART, INC., et al. | : | **ACTION** |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

\*\*\*\*\*\*\*\*\*\*

Defendant Wal-mart, Inc. (hereinafter "Wal-mart" or "Defendant"), by and through counsel, and pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332, respectfully submits this Notice of Removal of Civil Action from the Hamilton County, Ohio Court of Common Pleas. In support of its Notice, Defendant states the following:

1.

Plaintiff, Teresa Brown, an Ohio resident, filed a civil action against Defendants Wal-mart, Inc. and Ohio Department of Medicaid in the Hamilton County, Ohio Court of Common Pleas on March 1, 2019, under Case No. A1901092. (A true and correct copy of the Complaint is attached hereto as Exhibit A). According to the state court docket, the Complaint was served on Wal-mart Stores, Inc. on March 6, 2019, and on Ohio Department of Medicaid on March 7, 2019.

In her Complaint, Plaintiff alleges that on July 6, 2018, she was injured as a result of a falling shelve on the premises of Wal-mart located at 8451 Colerain Ave. Cincinnati, Ohio 45239. (Pl.'s Compl. at ¶ 5). Plaintiff asserts Defendant Wal-mart is liable for "severe and

permanent injuries", past "medical expenses", future medical expenses, lost wages, future lost wages, past and future pain and suffering sustained by Plaintiff as a result of alleged negligence. (*See id.* at ¶ 10). Wal-mart specifically denies any wrongdoing or civil liability to Plaintiff.

With regard to Defendant Ohio Department of Medicaid, Plaintiff asserts the Department "should pay, did pay, or may have paid some of the Plaintiff Teresa Brown's medical bills from the instant accident" and "may be subrogated to a portion of the Plaintiff's claims against Defendant Walmart, Inc., and should be required to assert its interests or otherwise be forever barred from doing so as to any party hereto." (*Id.* at ¶¶ 13–15). Plaintiff does not assert a cause of action against Defendant Ohio Department of Medicaid, nor does she allege the Department owed or breached any duty. Instead, Plaintiff merely alleges Defendant Ohio Department of Medicaid is a subrogated defendant. (*See id.* at ¶¶ 12–15).

As noted above and asserted in her Complaint, Plaintiff is an Ohio citizen. (*See Complaint*). Wal-mart, Inc. is a Delaware Corporation with its principal place of business in Bentonville, Arkansas. Defendant Ohio Department of Medicaid is an Ohio citizen, whose interests are properly aligned with Plaintiff's for purposes of considering diversity of the parties and/or Defendant Ohio Department of Medicaid is a nominal party whose citizenship is inapplicable for determining diversity of the parties, and from whom consent to remove is not required.

As a subrogated defendant, Defendant Ohio Department of Medicaid's interests in achieving recovery against Defendant Walmart, Inc. are properly aligned with Plaintiff's and should be arranged accordingly for purposes of considering diversity of the parties. *See, e.g.*, *Smith v. GMC*, No. 2:11-CV-782, 2011 U.S. Dist. LEXIS 137627, *6–7 (S.D. Ohio Nov. 30, 2011)

2

(citing *Lampe v. Genuine Parts Co.*, 463 F. Supp. 2d 928, 933 (W.D. Wis. 2006); *Frahm v. Marshfield Clinic*, 2007 U.S. Dist. LEXIS 82755, 2007 WL 3287841, *2 (W.D. Wis. Nov. 7, 2007)); *see also City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941). Defendant Ohio Department of Medicaid is an Ohio citizen and/or its citizenship is inapplicable as a nominal party as discussed below. *See Moor v. County of Alameda*, 411 U.S. 693 (1973) (a political subdivision of a state is a citizen of that State for diversity jurisdiction purposes, unless it is a simply the arm or alter ego of the State). Accordingly, upon realignment, there is complete diversity of the parties.

Regardless of the alignment of Defendant Ohio Department of Medicaid, it is a nominal party. The Department is not a real party in interest; it has no interest or control over the subject matter of this litigation, and merely holds subrogation rights related to any potential recovery. *See DiBella v. Carpenter*, No. 2:10-CV-174, 2010 U.S. Dist. LEXIS 75323, *5–6 (S.D. Ohio June 25, 2010) (citing *Rose v. Giamatti*, 721 F. Supp. 906, 913 (S.D. Ohio 1989) (internal quotations and citations omitted)) ("A real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced or enjoined. In contrast to a real party in interest, a formal or nominal party is one who, in a genuine legal sense, has no interest in the result of the suit or no actual interest or control over the subject matter of the litigation."). In the case of a nominal party, the Court should disregard its citizenship for jurisdictional purposes. *Salem Trust Co. v. Manufacturers' Finance Co.*, 264 U.S. 182, 190 (1924); *Maiden v. N. Am. Stainless, LP*, No. 03-5740, 125 Fed. App'x 1, 2004 U.S. App. LEXIS 25998, *2 (6th Cir. 2004). Again, complete diversity exists for jurisdictional purposes.

2.

This Notice of Removal is filed within thirty (30) days of service of the state court action and is therefore timely under 28 U.S.C. § 1446(b).

3.

The United States District Court for the Southern District of Ohio has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Removal is proper because:

(a) Plaintiff is an Ohio resident (See Complaint);

(b) Defendant Wal-mart, Inc. is a Delaware Corporation with its principal place of business in Bentonville, Arkansas;

(c) Defendant Ohio Department of Medicaid is an Ohio citizen, whose interests are properly aligned with Plaintiff's and/or Defendant Ohio Department of Jobs & Family Services is a nominal party whose citizenship is inapplicable for determining diversity of the parties, and from whom consent to remove is not required.

(d) Defendant Wal-mart is not a resident of the State of Ohio; and

(e) The amount in controversy in this case exceeds seventy-five thousand dollars ($75,000).[1] Plaintiff has placed no limitation on her prayer for relief, which demands monetary damages in excess of $25,000.[2] (*See* Complaint at Prayer for Relief)

---

[1] As more fully set forth in Part 1 above, Plaintiff asserts Defendant Wal-mart is liable for "severe and permanent injuries", past "medical expenses", future medical expenses, lost wages, future lost wages, past and future pain and suffering sustained by Plaintiff as a result of alleged negligence. (*See* Complaint. at ¶ 10).

[2] *See, e.g.*, *Sorenson v. Ashmore*, 4 F. Supp.2d 669, 670 (E.D. Tex. 1998) (holding that it was facially apparent from the prayer for relief in Plaintiff's Complaint that the amount in controversy exceeded $75,000.00 where the Complaint merely sought an unspecified amount of attorneys' fees, actual damages, damages for emotional distress and punitive damages).

4.

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this case (attached hereto as Exhibit B), together with a copy of this Notice of Removal is being filed with the Clerk of the Hamilton County, Ohio Court of Common Pleas and shall be served on Plaintiff and Defendant Ohio Department of Medicaid.  Copies of the Answers filed in state Court are attached hereto as Exhibit C, D and E.

WHEREFORE, Defendant prays that this action be removed from the Hamilton County, Ohio Court of Common Pleas to the United States District Court for the Southern District of Ohio, Western Division, and request that this Court assume full jurisdiction over the case herein as provided by law.

Respectfully submitted,

REMINGER CO., L.P.A.

/s/ Carrie M. Starts
Carrie M. Starts (0083922)
525 Vine Street, Suite 1700
Cincinnati, Ohio 45202
Tel: (513) 721-1311; Fax: (513) 721-2553
cstarts@reminger.com
**Counsel for Defendant Wal-mart, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing has been electronically filed this 4th day of April, 2019.  A copy has also been served via email/U.S. mail upon the following:

Amanda M. Rieger
Law Offices of Blake R. Maislin, LLC
2260 Francis Lance
Cincinnati, OH 45206
arieger@maislinlaw.com
*Attorney for Plaintiff*

Joseph M. McCandlish, Esq.
150 E. Gay Street, 21st Floor
Columbus, OH 43215
Joseph.mccandlish@ohioattorneygeneral.gov
*Attorney for State of Ohio, Department of Medicaid*

        /s/Carrie M. Starts
        Carrie M. Starts (0083922)